## Channing *against* Caskaden.

June, 1822.

CASE on a contract as expressed in a Bill of lading, for two hogsheads of sugar delivered to *Channing* at *New Orleans*, on board the schooner Experience, whereof he was master ; which sugar he promised to carry safely to and deliver to *Caskaden* at *St. Stephens*, the dangers of the seas only excepted, &c.—breach, that he neglected and refused to deliver, &c.—Plea, That the injury, if any there was, to said two hogsheads of sugar accrued in consequence of tempestuous weather and the dangers of the seas, and not from any carelessness or negligence of the defendant, and this he is ready to verify, &c.

*Special plea not replied to; verdict as on issue Error.*

10

No replication or issue appears in the Record. After several continuances, the Record sets out that at *October* term, 1821, came the parties by their attornies, and thereupon came a Jury, to wit, (setting forth the names,) " who " upon their oaths do say that the said *Joseph Channing* " did undertake and promise in manner and form as by the " said plaintiff in that behalf alleged: and they assess da- " mages by occasion thereof to $218$\frac{75}{100}$. Therefore it is " considered," &c.

*Channing* sued out a writ of Error to this Court ; and among other matters, assigned as Error—That there was no issue joined.

Judge *Lipscomb* delivered the opinion of the Court.

In this case, the defendant in the Court below plead a special plea, setting forth new matter in bar of the action. To this there was no replication ; the case was put to a Jury, and a verdict rendered for the plaintiff. Until an issue had been formed by the pleadings the Jury could have nothing properly before them. If there had been an informal, or even an immaterial issue, the verdict would not be disturbed. The authorities cited all go to support this doctrine ; and such were the decisions of this Court in the cases of *Malone* against *Donnally*, (ante. 12) and *Fisher* against *May*. There the defendants' pleas of payment improperly concluded to the country, issues were joined thereon. It was held that the issues submitted to the Jury the question as to the truth of the matter in bar averred by the plea. The Jury found this matter to be untrue, and the Court refused to disturb their verdict. But neither the authorities read, nor the decisions of this Court, have gone so far as to supply the total want of an issue. The case of *Wood* against *Wood's* administratrix decided at last term (ante, p. 45,) is in point against the position of the defendant in Error. On this assignment the Judgment must be reversed, and the case must be remanded.

*Ripley* for plaintiff.

*Crawford* and *Hitchcock* for defendant in Error, cited Sulk. 218. 2 Strange, 1022. 1 H. Bl. 644. 12 John. R. 353.